UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESHAWN MAURICE HARRELL,

Plaintiff,

v.

DUNLEAVY, et al.,

Defendants.

Case No. 25-cv-07437-NW

**ORDER SCREENING COMPLAINT, DISMISSING WITH LEAVE TO AMEND**

Plaintiff Eshawn Maurice Harrell, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons outlined below, the Court **DISMISSES** the Complaint with leave to amend.

## I.      BACKGROUND

Harrell alleges that private defenders Denise Lee and Mark Compari, as well as Judge Dunleavy, discarded his petition for writ of habeas corpus and a letter he wrote to the judge. In addition, he alleges that San Mateo County Jail deputies, P. Bespaly and P. Miqueo, wrongfully accused and found him guilty, respectively, of a rules violation after he exited his cell to collect his medication at Bespaly's request. Harrell alleges that their conduct was negligent and caused him negligent infliction of emotional distress. In addition, Harrell names as Defendants the following individuals: Ryan Martin, Dwayne Eison, Michael Daw, and the person who served as District Attorney for Department 2-A on August 6, 2025, and August 19, 2025.

Harell seeks monetary damages.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  "A person deprives

United States District Court
Northern District of California

2

another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III.     DISCUSSION

### A.     Federal Claims

#### 1.     Lee and Compari

Insofar as Harrell raises claims against Defendants Lee and Compari, his claims are identical to claims he raised in an earlier case, *Harrell v. Lee*, Case No. 25-cv-07433-NW.  These claims are **DISMISSED** as duplicative.  *See Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  Further, because the claims are frivolous, they are dismissed without leave to amend.  *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

#### 2.     Judge Dunleavy

Judge Dunleavy, who is a state court judge, is absolutely immune from suit for damages claims under 42 U.S.C. § 1983.  *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (state court judges have absolute immunity from suit for damages, not just the assessment of damages).  This claim is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.  *See Wheeler*, 894 F.3d at 1059.

#### 3.     San Mateo County Jail Deputies

Harrell alleges that Defendants Bespaly and Miqueo wrongfully accused him and found him guilty, respectively, of a rules violation.  A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of a rules violation.  *See Gathrite v. Diaz*, No. 25-cv-02369-RMI, 2025 WL 1616639, *2 (N.D. Cal. Jun. 6, 2025); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  A prisoner who is afforded procedural due process in his or her disciplinary hearing cannot state a due process claim for a rules violation or subsequent finding of guilt.  *Hanrahan v. Lane*, 747 F.2d

3

1137, 1140–41 (7th Cir. 1984).  Moreover, a false charge that results in discipline not amounting to a deprivation of a protected liberty interest is not actionable under § 1983 if it does not implicate another constitutional right, such as the First Amendment right to be free of retaliation. *See Smith v. Mensinger*, 293 F.3d 641, 653–54 (3d Cir. 2002); *id.* at 654 (even if the charges that led to disciplinary confinement were false, no claim was stated because the disciplinary confinement imposed was too short to be an atypical and significant hardship).

Harrell has not alleged that he was not provided with procedural due process with respect to his rules violation, claim that the false charge was retaliatory, or otherwise assert that he was deprived of a protected liberty interest as a result of the rules violation.  Accordingly, the claims against Bespaly and Miqueo are **DISMISSED**.  The dismissal is with leave to amend so Harrell may address the deficiencies identified above if he is able to do so.

### 4.    Remaining Defendants

Harrell does not make any factual allegations against the remaining Defendants.  To the extent that he names a prosecutor, his claim fails as state prosecuting attorneys enjoy absolute immunity from liability under 42 U.S.C. § 1983 for their conduct insofar as they act within their role as an advocate for the State and their actions are "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).  The claim against the District Attorney assigned to Department 2-A is therefore **DISMISSED** without leave to amend.  *See Wheeler*, 894 F.3d at 1059.

As to the remaining Defendants, Harrell must explain the basis for their liability under § 1983.

> When suing multiple defendants, a plaintiff "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  "Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (D. Wis. 1975).

*Sherrell v. Bank of America, N.A.*, No. CV-F-11-1785-LJO-JLT, 2011 WL 6749765, *4 (E.D. Cal. Dec. 22, 2011).  The claims against the remaining Defendants are **DISMISSED WITH LEAVE**

United States District Court
Northern District of California

**TO AMEND** so Harrell may address the deficiencies identified above.

### B.    State Law Claims

Given that Harrell fails to state a cognizable federal claim, the Court presently has no basis for jurisdiction over Harrell's state law claims.  Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Generally, original federal jurisdiction is premised on federal question jurisdiction or diversity jurisdiction.  Here, Harrell has not asserted a cognizable violation of federal law or diversity jurisdiction.  Where a plaintiff is acting pro se and the Court finds that the plaintiff's complaint fails to state a cognizable federal claim (*see* 28 U.S.C. § 1915(e)(2)), the Court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend unless the deficiencies clearly cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  In an abundance of caution, these claims are **DISMISSED WITH LEAVE TO AMEND** so Harrell may allege a cognizable federal claim or explain the basis of this Court's jurisdiction over these claims.

### IV.    CONCLUSION

The Court orders as follows:

1. The claims against Lee, Compari, Dunleavy, and the District Attorney assigned to Department 2-A are **DISMISSED WITHOUT LEAVE TO AMEND.**

2. The remaining claims are **DISMISSED WITH LEAVE TO AMEND**.

3. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Complaint" on the first page.  Because an amended complaint completely replaces the original, Harrell must include all claims, defendants, and allegations of fact to support his claims.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Failure to amend within the designated time will result in this action's dismissal without prejudice.

4. It is Harrell's responsibility to prosecute this case.  He must keep the Court

United States District Court
Northern District of California

informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 27, 2026

_____

Noël Wise
United States District Judge

United States District Court
Northern District of California

6